[No. 2265.]

## F. F. DOWNES *v.* THE STATE.

### ON THE MERITS.

TAX LAWS—REFUSAL TO RENDER, ETC.—Under the provisions of Article 113, of the Penal Code, a person is required to render to the assessor of taxes, when called upon for assessment, not only the property owned by him in fact, but as well all property held by him as agent or trustee, or in

any other fiduciary capacity.   The said article is broad enough to include and does include the president of a national bank, and requires such president, when called upon, to render a sworn statement showing the number and amount of shares of stock of such bank, and the names of the owners of such shares, and the number and amount of stock shares owned by each shareholder.   Refusal or neglect to comply with the assessor's demand subjects the offender to the penalty prescribed by said Article 113, viz: a fine of not less than twenty nor more than one thousand dollars.

### ON MOTION FOR REHEARING.   .

PRACTICE IN THIS COURT.—The submission of an appeal upon an agreement in writing, signed by the counsel of each party, expressly waiving all but a certain question or questions in the case, is binding upon the parties as to all the questions so waived, and this court declines to grant a rehearing to review any question so expressly waived in the written agreement.

APPEAL from the County Court of Bell.   Tried below before the Hon. J. M. Rosborough, County Judge.

The opinions disclose the case.   The penalty assessed was a fine of one thousand dollars.   .

*Harris & Saunders*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   By agreement of the parties filed herein the only question in this case which we are called upon to determine is whether it is an offense for the president of a national bank, when called on by an assessor of taxes to make out and render to such assessor a list of the taxable property owned by the bank, and a sworn statement showing the number and amount of shares of stock of such bank, and the names of the owners of such shares of stock, and the number and amount of stock owned by each share holder, to refuse or neglect to make out and render to said assessor such list and statement.

We must answer this question in the affirmative.   Article 113 of the Penal Code, in our opinion, is broad enough to embrace the case.   It is contended by defendant's counsel that said Article is only applicable to the individual owner of taxable property, and can not be applied to persons who hold or control taxable property in a fiduciary capacity, as an agent, trustee, etc.

A literal construction of the article would, perhaps, justify this position. But when the purpose of the article is considered in connection with the tax laws of the State, it is evident to our minds that the intention of the law is that not only the *owner* of the taxable property, but the person who may hold, control or manage the same as the agent or representative of the owner is amenable to said article. In support of this view we refer to the Revised Statutes, Articles 4675, 4679, 4680, act of March 31, 1885, General Laws, Nineteenth Legislature, regular session, pages 105, 106, section 2a. The object of this penal law is to secure a full and fair rendition of all taxable property in the State, and the case of the defendant falls fairly within the plain import and intent of the provision, though it may not come within the exact letter of it.

We hold, therefore, that the question presented to us must be determined in favor of the State, and the judgment is affirmed.

*Affirmed.*

(The foregoing opinion was delivered at the Austin term of the court on the second day of June, 1886. Within the prescribed fifteen days a motion for rehearing was filed. The same was decided at Tyler in the opinion delivered by the same judge, which follows.)

WILLSON, JUDGE. This case was submitted to us upon a single question, by an agreement in writing signed by counsel for both parties, and by said agreement all other questions that might arise in the case were expressly waived. We determined the question thus submitted to us against the appellant, and he now seeks in this motion for a rehearing to present another question than that stated in said agreement and decided by us— a question which was not even alluded to in the brief of appellant's counsel on the original hearing of the case; a question which does not involve the correctness of our decision of the law as it existed at the time of the trial, but which presents the issue as to what the law was at the time the alleged offense was committed. We decline to consider and determine this question, in view of the aforesaid agreement of the parties, and we, therefore, overrule the motion for rehearing.

*Rehearing refused.*